**Walter SHEPHERD**

v.

**GIANT FOOD, INC., et al.**

**Civ. No. HM76–1176.**

United States District Court,
D. Maryland.

June 20, 1977.

Merry C. Hudson and Charles E. Donegan, Washington, D. C., Anthony W. Robinson, Baltimore, Md., for plaintiff.

Joseph D. Tydings, Baltimore, Md., David W. Rutstein and Edward R. Levin, Washington, D. C., John J. McBurney, Silver Spring, Md., for defendants.

HERBERT F. MURRAY, District Judge.

The plaintiff, Walter Shepherd, has instituted suit pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 2000e, *et seq.* for back pay and declaratory and injunctive relief alleging racial discrimination in connection with his discharge from employment. Warehouse Employees Local Union No. 730, one of the defendants in this action, has filed a motion to dismiss or, in the alternative, for summary judgment. The motion is based on the ground that the plaintiff failed to file

charges against the local union with the EEOC within 180 days of his discharge, which took place on March 2, 1972. The charges were not filed until November 28, 1972.

The uncontradicted facts indicate that the plaintiff was discharged from his employment with Giant Foods on March 2, 1972. On March 13, 1972, the plaintiff filed charges with the EEOC alleging that his discharge from employment was motivated by racial discrimination. In that charge, the plaintiff named only the Giant Food, Inc. as the party discriminating against him. No mention whatsoever is made that the union participated in that discrimination. On November 28, 1972, the plaintiff filed an additional complaint which he labeled as an amendment to his original complaint. In this second complaint, the plaintiff named the International Union and its Local as additional parties, charging as to the Local that it failed to properly represent him.

Defendant Local 730 asserts that the charge against it was separate and independent from that made against the defendant Giant Food and that the plaintiff failed to comply with the 180 day rule, as the plaintiff was discharged from employment on March 2, 1972 and the Union was charged on November 28, 1972. Thus, more than eight months elapsed between the date of discharge and the filing of the charge with the EEOC. Plaintiff argues that the complaint with the EEOC was timely filed as "in both complaints plaintiff contended that defendant Union failed to provide him with proper representation in connection with his discharge from employment by defendant employer Giant Food, Inc."

■ Upon request of the court, the plaintiff filed with this court a copy of the first complaint filed with the EEOC; defendant having already filed a copy of the second complaint. As already noted by this court, nowhere in the first complaint filed with the EEOC does the plaintiff name the Union as a party involved in the alleged discrimination. Nor does the plaintiff allege in the complaint, without naming the Un-

ion, that he was improperly represented upon his discharge. Thus, no possible interpretation of the original complaint could lead to the conclusion that the Union was charged in the first EEOC complaint. Plaintiff attempts to make the second complaint timely by arguing that the amended complaint has direct reference to the original complaint and thus relates back to the original filing date. Plaintiff points to the fact that the second complaint was designated as an "amendment." First, it does appear to the court that the plaintiff did in fact designate the second complaint as an amendment. But even if the EEOC had so characterized it, such a determination would not be binding on this court. Further, in order for a "relation back" theory to be applicable to this case the plaintiff would have had to be amending a charge *against the Union*. As the Union was never charged in the first complaint, the second complaint cannot be deemed an amendment at least insofar as it purports to apply to the Union.

■ Plaintiff also argues that "the charge of improper representation involved a continuing course of conduct covering different dates and events which began March 2, 1972." Defendant asserts that the date of the discharge is controlling and cites to the court the recent Supreme Court case of *Electrical, Radio and Machine Workers, Local 790 v. Robbins & Myers, Inc.*, 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976). In that case, the Court held that the date upon which a claim with the EEOC must be filed is measured from the date the employee is discharged and is not tolled during the pendency of grievance or arbitration procedures under the collective bargaining contract. Although the language used by the Supreme Court is sufficiently broad as to include grievances filed against unions, this court is of the opinion that the reasoning of the Supreme Court is not applicable to the facts of this case, but is applicable only to charges against an employer. First, the basis of the Supreme Court's decision that the statute is not tolled pending the grievance proceedings is that the invocation of

grievance proceedings is a contract action independent of the remedies provided by Title VII, which in no way prevented the plaintiff in that case from filing the charge with the EEOC against his employer. Second, the court was also confronted with the question of whether the statute was tolled; in other words, whether the plaintiff who had a chargeable grievance to file could await the outcome of the grievance proceedings before filing. It is not likely that a plaintiff could file charges against the Union on the day he is discharged, unless that date happened to coincide with the date that the Union allegedly unfairly represented him. The plaintiff could not file a charge against the Union until the Union allegedly was guilty of a discriminatory act. It is from that date that the 180 days should be measured, and not necessarily the date that the employee was discharged. Thus, in the instant case, as opposed to the *Electrical* case, we are dealing with a determination of when the unfair practice occurred, and not with the tolling of a charge that the plaintiff could have filed. The Supreme Court case then would be dispositive only if Giant Food were moving for dismissal and they had not been named in the first complaint.

Thus, this court must determine the date upon which the alleged failure to represent the plaintiff adequately occurred. This court finds that the date from which the 180 day period should be measured on the facts of this case is that date when the plaintiff knew or had reason to know that he was not being adequately represented by the Union. In other words, the period would begin to run when facts which would support a charge of discrimination were apparent or should have been apparent to a person with a reasonably prudent regard for his rights. *See Reeb v. Economic Opportunity Atlanta, Inc.,* 516 F.2d 924 (Fifth Circuit, 1975). It is clear to this court from the facts alleged in the memorandum of the parties, at the hearing on this motion and in the plaintiff's statement of facts in the pretrial order that the plaintiff in fact believed that he was not being fairly represented long before June 1, 1972 which is the approximate reckoning date for the 180 day period before his charge against the Union was filed. As stated in the pretrial order, "the Union failed to have a representative present at the meeting held by Giant Food which resulted in Plaintiff's discharge." This meeting took place on March 2, 1972. Plaintiff also asserts in the pretrial order that "the Union arbitrarily refused to take his case to arbitration." In a letter of May 3, 1972 written by the plaintiff, Walter Lee Shepherd, Jr. to Frank Fitzsimons, the president of the International Brotherhood of Teamsters, the plaintiff complains that he has not been fairly represented by the Union. In that letter, the plaintiff also acknowledges that the Union would not arbitrate his grievance. Therefore, the plaintiff clearly waited in excess of 180 days from the time that he had "reason to believe" that he had a grievance against the Union before filing his complaint with the EEOC.

Plaintiff's counsel also argues that plaintiff attempted to file charges against the Union in his original petition and that as a result of the instructions from the EEOC, the charges against the Union were not included in his original filing. Plaintiff has not alleged any facts in support of this assertion. Plaintiff has not presented an affidavit of any person connected with the EEOC to testify to that effect, nor does the affidavit of the plaintiff assert that the Union was omitted from the charge per the instructions of the EEOC. Finally, the court notes that the complaint filed with the EEOC was filled out by the plaintiff. This court finds that this ground for relief is totally frivolous.

Accordingly, it is this 20th day of June, 1977, in the United States District Court for the District of Maryland,

ORDERED:

that the motion for summary judgment of defendant Warehouse Employees Local Union No. 730 be, and the same hereby is, *Granted.*